295 P.2d 336

Gene G. SPENDLOVE, by John A. Spendlove, his Guardian ad litem, Plaintiff and Respondent,

v.

Dr. S. W. GEORGES, Defendant and Appellant.

No. 8217.

Supreme Court of Utah.
March 27, 1956.

Skeen, Thurman, Worsley & Snow, Earl J. Groth, Salt Lake City, for appellant.

Rich, Elton & Mangum, Salt Lake City, for respondent.

LARSON, MARTIN M.; District Judge.

Defendant, a physician and surgeon, seeks a reversal of a judgment for $5,000, entered in the District Court of Utah County in favor of plaintiff and against defendant, on the grounds of malpractice. The complaint contained three causes of action:

First Cause: On grounds of negligence in the performance of abdominal surgery on April 25, 1952.

Second Cause: That, after surgery, and, from about April 25 to September 30, 1952, the defendant rendered negligent and improper post-operative care to the plaintiff.

Third Cause: That, between September 27 and November 15, 1952, the defendant

improperly abandoned and failed to give proper medical attention to plaintiff.

At pre-trial conference, February 26, 1954, plaintiff wholly abandoned and dismissed the first and second causes of action, and the case was tried on the third cause of action only, which alleged in substance the abandonment by the doctor of his patient during the period between September 27, 1952 and November 15, 1952.

Although the first and second causes of action were dismissed at pre-trial, they played a very important role throughout the trial, and were left to the consideration of the jury.

The only matter properly before the court and jury was whether the doctor, between the 27th of September, 1952 and the 7th of November of that year, deliberately abandoned his patient, as a result of which the patient suffered injury and damages, which he would not have experienced otherwise.

The primary question is: Does the evidence sustain a finding, or justify a conclusion, that the doctor abandoned and neglected his patient between September 20 and November 7, 1952?

We have examined the record carefully and thoroughly, and find no evidence to sustain the verdict that the doctor deserted or abandoned his patient; nor do we find evidence to sustain the judgment.

A goodly portion of evidence received was wholly irrelevant and immaterial to the issues involved in the action, and, without any limiting or guiding instructions, might well lead the jury to conclusions wholly extraneous to any matters or issues involved in the pleadings or the cause. A detailed resume of the evidence would be of no value, nor would the consideration of the other "Points on Appeal."

The judgment is reversed, and the cause remanded to the trial court, with directions to vacate the judgment and dismiss the action. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.

WORTHEN, J., having disqualified himself, does not participate herein.